NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK A. BROWN,<br><br>               Plaintiff-Appellant,<br><br>  v.<br><br>C. FLORES, Correctional Officer, Salinas Valley Prison; et al.,<br><br>              Defendants-Appellees. | No. 18-16807<br><br>D.C. No. 5:18-cv-01578-LHK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted February 19, 2019[**]

Before:     FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

California state prisoner Mark A. Brown appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2011).  We reverse and remand.

The district court dismissed Brown's action on the basis that Brown's allegations were too conclusory to infer that each defendant knew of a substantial risk of serious harm to Brown and failed to act.  However, Brown alleged in his verified amended complaint that he personally notified defendants that his cell was flooding with water, creating a hazard to his safety and preventing him from using his sink and toilet, and that defendants declined to help him.  Liberally construed, these allegations "are sufficient to warrant ordering [defendants] to file an answer." *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012); *see also Johnson v. Lewis*, 217 F.3d 726, 732 (9th Cir. 2000) (deprivation of sanitation may amount to an Eighth Amendment violation); *Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995) ("[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment.").  We therefore reverse the judgment and remand for further proceedings.

**REVERSED and REMANDED.**